[Civ. No. 1895. Second Appellate District.—July 31, 1917.]

H. W. KELLER, Respondent, v. ROY M. CLIVER et al., Defendants; A. K. GRAFTON et al., Appellants.

LEASE—RECOVERY OF MONEYS DUE—APPEAL FROM ORDER DENYING NEW TRIAL—FORECLOSURE OF SECURITY.—In an action to recover moneys due under a written lease, the objection is not available on appeal from the order denying a new trial that the action was not maintainable because the lessor had mortgage security for the payment of such moneys and should have foreclosed, where the court made full findings of fact duly supported by the evidence, as the only errors chargeable against the decision must be errors pertaining to its conclusions of law and its judgment thereon.

ID.—APPEAL—REVIEW OF CONCLUSIONS OF LAW.—Conclusions of law are always merged in and superseded by the judgment, and, even if necessary thereto, they can be reviewed only on appeal from the judgment, or from an order made under sections 663 and 663½ of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Leslie R. Hewitt, Judge.

The facts are stated in the opinion of the court.

Wm. T. Blakely, for Appellants.

Tanner, Odell & Taft, for Respondent.

CONREY, P. J.—In this action judgment was entered in favor of the plaintiff for certain amounts found due to the plaintiff as lessor under a certain instrument of lease executed by the plaintiff to the Black Diamond Supply Company, a corporation. This lease was, with plaintiff's consent, assigned to the defendants, who bound themselves to perform the covenants of the lease. The amount of the recovery includes rental for certain months of the lease term, together with specified sums levied as taxes against the leased property which the lessees were bound to pay but which they allowed to become delinquent and which were thereafter paid by the plaintiff. There is no appeal from the judgment. The defendants Grafton and Adams appeal from the order denying their motion for a new trial.

In their answer to the complaint defendants alleged that when they accepted the assignment of the lease to them they were not acting for themselves, but were acting as trustees for a corporation then being formed under the name of Los Angeles Coal & Supply Company, and that plaintiff had full knowledge thereof. The court found that said allegations of the answer were untrue. In their specifications of insufficiency of the evidence to justify the decision appellants claim that the evidence is insufficient to support such findings. We have examined the evidence and it fully justifies the findings in question. It is true that a few days after they obtained their assignment of the lease appellants and their codefendant Cliver did form a corporation under the name Los Angeles Coal & Supply Company and placed it in possession of the leased premises. But it further appears that they transferred the lease to the corporation as a part of the consideration for stock in the corporation which was issued to them. This and other circumstances shown in evidence justified the court in determining that they had acquired the lease as their own property and not as trustees for the proposed corporation.

The only other point argued in support of the appeal raises a question which might be considered on an appeal from the judgment, but which is not available to defendants on their motion for a new trial. The lease contained the following stipulation: "All buildings placed on this property by the tenant shall belong to it, and it is granted the privilege of removing the same at the expiration of this lease; provided, however, that, should any default be made by party of the

second part in any of the terms or covenants of this lease, all said buildings and improvements shall be forfeited to party of first part, to apply on damages by reason of such default; and all improvements placed upon said premises by second party are hereby pledged as security to first party for the rents accruing hereunder, and for the faithful performance by second party of all the covenants herein contained." The court found that the lease was made in the terms pleaded, including the foregoing paragraph thereof; also that the lessee "erected certain buildings upon the said premises, and that the same rested upon sills set upon the ground, and that the posts and main supports and pillars thereof were set into the ground"; also that afterward the defendants were in default for nonpayment of rent and for nonpayment of taxes, and that defendants remaining further in default after three days' notice requiring them to pay the rent or deliver up possession of the described premises, the plaintiff took possession of the premises by reason of such default, and possession thereof and all rights under the said lease were surrendered to plaintiff. All of the foregoing facts found are supported by the evidence. Nevertheless appellants claim that the decision of the court is contrary to law in the following particular, among others: That under the above-quoted stipulation of the lease the lessor had mortgage security for the performance by defendant of the obligations of the lease and therefore that an action at law could not be maintained for moneys due under the lease, but that the sole remedy was by foreclosure of the mortgage as required by the provisions of section 726 of the Code of Civil Procedure. As the court did make full findings of fact duly supported by the evidence, the only errors chargeable against the decision must be errors pertaining to its conclusions of law and its judgment thereon. Such errors are not reviewable on a motion for a new trial. "The conclusions of law are always merged in and superseded by the judgment and, even if necessary thereto, they can be reviewed only on appeal from the judgment, or from an order made under sections 663 and 663½ of the Code of Civil Procedure." (*Mentone Irr. Co.* v. *Redlands etc. Power Co.*, 155 Cal. 323, [17 Ann. Cas. 1222, 22 L. R. A. (N. S.) 382, 100 Pac. 1082], and cases there cited.) On the merits of the question argued as to whether or not the plaintiff was limited

in his remedy to an action as for the foreclosure of a mortgage, we find it unnecessary to express an opinion.

The order is affirmed.

James, J., and Shaw, J., concurred.